Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFREDO LEON OREA,

Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC,

Defendant.

Case No.

COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND FAIR CREDIT REPORTING ACT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

Complaint - 1

practices, and Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Alfredo Leon Orea ("Plaintiff"), is a natural person residing in San Francisco county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Enhanced Recovery Company, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant attempted to collect an alleged outstanding debt from Plaintiff.

6. On or about May, 2011, Plaintiff learned that Defendant had reported on his credit report an alleged debt owed for an AT&T account.

7. Plaintiff does not owe a debt for an AT&T account, as he had previously paid off the account.

8. On May 16, 2011, Plaintiff's counsel sent a letter to Defendant requesting verification of the alleged debt. When Defendant failed to respond, a second letter was sent on June 1, 2011. Verification of the debt has not been provided to date.

9. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

   a) Communicating or threatening to communicate credit information which is known or which should be known to be false, including, but not limited to, reporting an alleged debt that has been paid (§1692e(8));

   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, reporting an alleged debt that has been paid (§1692e(5));

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from

Complaint - 3

Plaintiff, including, but not limited to, reporting an alleged debt that has been paid (§1692e(10);

d) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, reporting an alleged debt that has been paid (§1692e(2)(A));

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, reporting an alleged debt that has been paid (§1692f));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, reporting an alleged debt that has been paid (§1692f(1)); and

g) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, reporting an alleged debt that has been paid (§ 1692f(1)).

10. Further, Defendant failed to notify Plaintiff of its intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

11. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;
c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

12. As a result of the above violations of the FDCPA, RFDCPA, and FCRA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.  Actual damages;

C.  Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

Complaint - 6

A. Declaratory judgment that Defendant's conduct violated the FCRA;
B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of July, 2011.

By: _____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 7